## Shultz v. Leisure Lanes of Lancaster

*F. Carter Shultz* and *Elissa A. Shultz,* pro se.

*Stephen E. Geduldig* and *Crystal H. Williamson,* for defendant.

PEREZOUS, *J.,* June 23, 2005—Presently before the court is the motion for summary judgment filed by the defendant, Leisure Lanes of Lancaster Inc. Defendant contends that it is entitled to summary judgment in this matter based on the fact that the plaintiffs, F. Carter Shultz and Elissa A. Shultz, have failed to (1) appear for their properly noticed depositions, (2) present any evi-

dence to sustain their burden of proof, and (3) present any evidence to show a disputed question of material fact. For the following reasons, this court grants the defendant's motion.

This case arose from a trip and fall accident that occurred at a driving range operated by defendant. Plaintiffs alleged that, on July 8, 2001, the plaintiff-husband fell "when the golf mat he was standing on moved during his swing and/or when he slipped on water, which, unbeknownst to Mr. Shultz, had accumulated in and/or on the mat, making it dangerously slippery." Plaintiffs further alleged that defendant was negligent in: maintaining a dangerous condition on its premises; failing to take reasonable measures to inspect the driving range's golf mats to prevent any dangerous conditions; failing to timely repair and/or replace the golf mats; failing to warn of the dangerous condition on the premises; failing to maintain the mats in a dry and safe condition; and failing to take necessary precautions for the safety of the plaintiff and other invitees. The defendant responded to these allegations by denying all of the charges, noting that no unreasonably dangerous condition existed on the date alleged and that no act or omission on the part of defendant caused the plaintiff's injuries.

By way of complaint, the plaintiffs instituted this action on April 21, 2003. Defendant responded by filing its answer with new matter. The parties have exchanged written discovery requests and responses. To date, only the deposition of the president of Leisure Lanes, Brad Leisure, has been taken. Although noticed a total of six times, plaintiffs never appeared for their depositions in

this matter. Defendant states that its discovery is complete, and that plaintiffs have not evidenced any intent to undertake any further discovery. The defendant filed the present motion for summary judgment on January 20, 2005.

It is well settled in this Commonwealth that summary judgment is proper only when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2. Under the Pennsylvania Rules of Civil Procedure there are two situations in which a summary judgment motion is permissible:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law:

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2(a).

Along with this standard, the rule also sets forth the requirements for a response to a motion for summary judgment:

"The adverse party may not rest upon the mere allegations or denials of the pleadings, but must file a response within 30 days after service of the motion identifying

"(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

"(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced." *Id.*

In the present case, the defendant's motion for summary judgment was served on plaintiffs on or about January 18, 2005. To date, plaintiffs have yet to respond to the motion. Furthermore, there is no evidence in the record proving that the defendant deviated in any way from his duty of reasonable care under the circumstances, as is necessary. *Zito v. Merit Outlet Stores,* 436 Pa. Super. 213, 217, 647 A.2d 573, 575 (1994). While the plaintiffs have arguably alleged facts which purport to establish a claim of negligence against the defendant, the allegations have no support in the record and plaintiffs cannot rest on the mere allegations of the pleadings. Consequently, this court must grant defendant's motion for summary judgment.

Accordingly the court enters the following:

## ORDER

And now, June 23, 2005, upon consideration of the motion for summary judgment filed by the defendant, Leisure Lanes of Lancaster Inc., together with the briefs

and supporting papers filed, it is hereby ordered that the motion is granted and judgment is entered in favor of defendant and against the plaintiff.